LEMMON, Justice.
We granted certiorari in this breach of contract case primarily to review the lower courts’ methods of measuring damages. We now conclude that the award of the trial court, as amended by the court of appeal, fairly represents the damages contemplated by the parties at the inception of the contract, and we accordingly affirm.
Plaintiff contracted with defendant to install at Charity Hospital an energy-saving device known as an “Eldon Heater”. The device was designed to capture exhaust gases and to use the captured gases for the purpose of heating water that would otherwise require consumption of natural gas purchased from a utility company. The ultimate objective of the device was to replace the hospital’s conventional hot water system.
In consideration for the use of the heater for the two-year term of the contract, plaintiff was to receive one-half of the monthly savings realized by defendant from decreased gas consumption. Plaintiff agreed to bear the cost of installation and to remove the equipment at the termination of the contract. Plaintiff further guaranteed that the equipment would result in a savings of at least 20%.
After one week of operation, defendant shut down the equipment, complaining that the hospital’s potable water system had become contaminated. When defendant refused to allow the heater to be placed back in operation, plaintiff filed this action.
After a lengthy trial on the merits, the trial court resolved conflicting expert testimony and determined that the cause of the contamination was incomplete combustion of one of the hospital’s boilers that had gone into operation just a few hours before the problem appeared. However, the court rejected plaintiff’s claim that he would have earned $170,000 over the two-year term of the contract, the projected gross earnings being based on the amount of savings generated during the one week of operation. Observing that plaintiff’s computation of his lost earnings was not a precise figure, the court “exereise[d] its discretion” and awarded $75,000 as the “[l]oss of net earnings”. The court further awarded $8,500 in attorney’s fees.[1]
On appeal, the intermediate court affirmed the trial court’s determination that the heater was not the cause of the contamination and that plaintiff was entitled to damages for breach of contract. 451 So.2d 1120 (La.App. 4th Cir.1984). However, the court increased the award to reflect plaintiff’s total loss by adding $53,121 for cost of installation, $5,133 for cost of insurance, and $6,700 for cost of removal to the $75,-000 loss of net earnings granted by the trial court. This court granted defendant’s *139 application for certiorari to consider defendant’s contention that plaintiff was not entitled to recover the costs of installation and removal (costs which plaintiff was contractually obliged to expend) in addition to the award for loss of earnings. 457 So.2d 1185 (La.1984).
The debtor who breaches the contract without fraud or bad faith is liable only for such damages as the parties may reasonably be supposed to have contemplated at the time of the contract. La.C.C. Art. 1934(1). At the inception of the present contract, the parties contemplated that plaintiff would install and remove the equipment at his cost and would receive as his gross earnings one-half of the savings realized from 'decreased gas consumption by the hospital over a two-year period.
The trial court concluded that the limited experience in one week of operation did not provide a sufficient basis for calculating with mathematical certainty the amount of earnings plaintiff would have been entitled to over a two-year period. The court exercised discretion and fixed the sum of $75,-000 as the net earnings which plaintiff lost on account of the breach. While we cannot disagree, after a review of the record, with the trial court’s determination of that element of damages (loss of net earnings), the parties’ contemplation at the time of the contract was that plaintiff would be entitled to one-half of the gross amount that resulted from energy savings. Thus, the agreement that plaintiff was to bear substantial installation and other costs contemplated that he would be compensated by gross earnings over and above those costs. The trial court, in estimating plaintiff’s loss of earnings, apparently determined some amount of gross earnings and then subtracted some amount of costs from estimated gross earnings in order to arrive at $75,000 in net earnings. The court of appeal corrected the trial court’s calculation so as to arrive at plaintiff’s total loss which was within the contemplation of the parties at the time of the contract.
Viewed another way, plaintiff at the execution of the contract bound himself to spend almost $65,000 for installation and removal of the equipment and the required insurance coverage. While only a limited amount of savings were guaranteed, the parties obviously contemplated that plaintiff’s gross earning would return the $65,-000 investment plus net profits to justify such an investment. The trial court’s award of $75,000 for net earnings would barely have returned the investment, when a reasonable rate of interest for two years is considered. The judgment of the court of appeal, although at first blush appearing to allow double recovery, more accurately reflects the damages for breach of contract that the parties contemplated in reaching their agreement.
Accordingly, the judgment of the court of appeal is affirmed.

. Awards for cost of modification and expert witness fees are not disputed.